SAMUEL M. HUDSON v. THE INHABITANTS OF THE TOWN-
SHIP OF WINSLOW, IN THE COUNTY OF CAMDEN.

1. The doctrine that a party is estopped from contradicting the recitals
of his own deed, is applicable only where the deed, as the act of such
party is admitted.

2. A township bond recited that the township officers executing it had
been authorized, as the law required, to issue such bond. *Held*, that
in a suit on the bond, the township could set up that no such authority
had been given.

3. A plea averring a want of such authority is a denial of the legal ex-
istence of the bond, and amounts to a special *non est factum*.

4. The admissions in a deed which the defendants offer to show is not,
in law, their deed, cannot in any respect predjudice their rights.

5. The validity of the other pleas in the case considered.

Suit on an agreement under seal for the payment of a sum
of money therein specified.

By an act passed February 22d, 1865, (*Pamph. L. of 1865,
p. 88*,) the defendants were authorized "at any special or
regular town meeting, assembled according to law, to levy,
assess, and provide for the collection of any tax that the said
inhabitants may order, for the payment of bounties, when so
assembled, by a vote of two-thirds of those present, or to
order the issuing of bonds, notes, or other evidence of in-
debtedness by the township committee of said township, and
such bonds, notes, or other evidence of indebtedness are, by
this law, made valid and binding on the property of said
township and the taxes thereof."

The writing in suit was under the corporate seal, and a
copy thereof was annexed to the declaration, and by a proper
averment, was made a part of the declaration. It contained
the following recital, viz. : "This bond is made and issued
by 'the inhabitants of the township of Winslow, in the county
of Camden,' in accordance with the provisions of an act of the
legislature of the State of New Jersey, entitled 'An act to
authorize the inhabitants of the townships of Centre, Wash-

ington, Gloucester, Waterford, Winslow, and Monroe, in the county of Camden, to raise and borrow money,' approved February, 1865, and pursuant to a resolution adopted by a vote of two-thirds of the inhabitants of said township of Winslow present at a special meeting assembled according to law, on the 27th day of February, 1865, by which resolution the township committee of said township of Winslow were directed to borrow the sum of $18,000, and to issue the bonds of said ' the inhabitants of the township of Winslow, in the county of Camden,' therefor, payable in one year, with interest, free of taxes."

To this declaration the defendants pleaded in substance—

1. *Non est factum.*

2. That the said supposed writing obligatory was made under and by virtue of a certain supposed special town meeting of the inhabitants of said township of Winslow, and that notice of the assembling of said supposed town meeting was not given by the clerk of said township, in writing, under his hand, mentioning the time, place, and object or purpose of such meeting, and fixed up at four of the most public places in the said township at least eight days before the time of said meeting.

3. That the said supposed writing obligatory was made under an order of the said supposed town meeting, and that the said order was not made by a vote of two-thirds of the inhabitants of said township present at said town meeting.

4. That the said supposed town meeting, under whose order the said supposed writing obligatory was made, was not assembled according to law.

5. That before and at the time of the making of the said supposed writing obligatory, the said plaintiff had been lawfully drafted in the army of the United States, according to the constitution and laws of the United States and the proclamation of the president, and in pursuance of said laws; and that the said supposed writing obligatory was made upon the unauthorized and illegal consideration that the said

Hudson v. Inhabitants of Winslow.

plaintiff would submit himself to the obligation imposed on him as such drafted man, according to the constitution and laws of the United States.

6. That the said writing obligatory was made under an order of the said supposed town meeting, upon the consideration that the said plaintiff would submit himself to the obligation imposed on him as aforesaid, and that the object or purpose of the assembling of the said town meeting mentioned in the notice given by the clerk of said township did not authorize the said town meeting to order that the said township committee should make such writing obligatory upon said consideration.

7. That before making of the said supposed writing obligatory, said plaintiff and others, residents of said township, had been drafted into the army of the United States, and that the said supposed writing obligatory was made under an order of the said supposed town meeting which authorized the said township committee to present to each one of said drafted persons, not exceeding twenty-seven, a bond of said defendants for the payment of $600, with interest, &c., upon his retiring from the army, or else upon such drafted man furnishing a substitute to enter the army in his place. And the defendants aver that the said town committee, without any further order or authority, made the said supposed writing obligatory, and presented the same to the said plaintiff, as and for the writing obligatory of the said defendants, and at the time thereof the said plaintiff had not entered nor procured a substitute to enter the army in his place.

8. That the said supposed writing obligatory was made under an order of the said supposed town meeting, contained and made in a resolution of said meeting in the words and figures following, to wit:

" *Resolved,* That the township of Winslow, Camden county, present to each drafted citizen, to the number 27, who will answer the call or furnish a substitute, a township bond amounting to 600 dollars, 12 months, free of tax, bearing interest at the lawful rate, payable semi-annually." And de-

fendants aver that the said township committee, without any further or other authority or order, and without the plaintiff having answered the call or furnished a substitute, according to the true meaning of said resolution, made the said writing obligatory, and presented the same to the said plaintiff.

9. That before making said supposed writing obligatory, he, the said plaintiff, had been drafted in the army of the United States, as aforesaid, and that the said supposed writing obligatory was made in consideration that he, the said plaintiff, would thereafter enter into said army under said draft, or would provide a substitute in his place to enter said army, and in and upon no other consideration whatever; and the said defendants aver that the said plaintiff did not thereafter enter into the said army nor provide a proper substitute in his place to enter said army, and wholly failed so to do.

10. That the said supposed writing obligatory was made without the boundaries of the said township of Winslow, to wit, at the city of Camden, by three only of the said township committee, in the name of the said defendants, as and for their deed, without consultation with the other two members of said committee, and without their presence, knowledge, or consent.

11. That the said supposed writing obligatory was obtained from the said defendants by the said plaintiff through fraud, covin, and misrepresentation.

Demurrers to most of the pleas were argued at February Term, 1872, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER and VAN SYCKEL.

For plaintiff, *P. L. Voorhees.*

BEASLEY, CHIEF JUSTICE. Among the pleas which have been demurred to, three of them rest on a common ground. They are, as they stand on the record, the second, third, and fourth. The first of this class alleges, in substance, that the

notice of the special town meeting, which, it was said, had authorized the giving of the sealed bill sued on, "was not given by the clerk of said township in writing, under his hand, mentioning the time, place, and object or purpose of said meeting, and fixed up at four or more of the most public places in the said township, at least eight days before the time therein appointed for the assembling of said meeting;" the second of the pleas referred to avers that "the order" to issue the "supposed writing obligatory" "was not made by a vote of two-thirds of the inhabitants of said township present at said town meeting;" and the last of these pleas alleges, in general terms, "that the said supposed special town meeting was not assembled according to law."

The counsel for the plaintiff insisted that these pleas are bad, for the reason that the matters stated in them are contradictions of the recitals in the sealed instrument on which the suit rests. There is no doubt that such contradiction exists. The recital is that "this bond is made and issued" "pursuant to a resolution adopted by a vote of two-thirds of the inhabitants of said township of Winslow present at a special town meeting assembled according to law." Two of the pleas in question deny that this town meeting was assembled according to law, and the third avers that the writing in dispute was not directed to be issued by a two-thirds vote. The statements of the pleas are in evident opposition to the admissions of the recital, and hence it is argued that by force of the doctrine of estoppel, such statements cannot be put upon the record. That a party is concluded by the admissions of his own deed is the admitted rule of law, and such admissions cannot be put in dispute, either by the pleadings or evidence. But this rule, I think, has no application to the present case. The principle is applicable only where the existence of the deed, as the act of the party, is admitted. This is shown by the very definition of an estoppel, which arises, in the words of Lord Coke, "when a man's own act or acceptance stoppeth or closeth up his mouth to allege or plead the truth." *Co. Litt.* 352, *a.* In the case of *The State Bank*

v. *Chetwood,* 3 *Halst.* 1, which was cited on the argument, we find a correct exposition as well as the proper use of an admission under seal. It was a suit against a surety on a cashier's bond, which recited that the principal bondsman held that office. The doctrine of the case was, that the defendant was estopped from denying the truth of this recital on the ground that he could not " admit the deed, and, at the same time, traverse the truth of its contents." The numerous cases to which we were referred all rest on this same principle.

But in the present case the defendants, in the pleas under consideration, do not admit the deed in this suit. On the contrary, the facts which they here aver, if such facts have any legal effect, show that the obligation in question has no existence in law. As no one appeared at the argument for the defendants, we have not been favored with the views of the pleader, but it would seem that each of these pleas was intended to be a special *non est factum.* Such a form of pleading is, in some instances, not improper. Its effect is to admit the execution of the instrument, and, at the same time, to exhibit circumstances showing it is not, in law, the deed of the party. The defence can be made in this mode where the deed was delivered as an escrow, or has been altered since delivery, or was executed by a *feme covert. Gould's Pl., ch.* 6, § 64. The present defence certainly seems to be near to the principle which authorizes this course of pleading in the case of the married woman, but it is not necessary to decide whether, as a matter of form, the present pleas are proper or not. On demurrer, by force of our statute, the only question is, whether the substance of the defence is sufficient.

The defendants have no capacity to execute this writing, except such as is conferred by the act of February 22d, 1865. The mode of executing the power thus conferred is prescribed. The inhabitants must be assembled according to law, and the order to issue the bonds, &c., must be sanctioned by a vote of two-thirds of those present. Now it seems to me very plain that these requisitions of the statute must be complied with in order to give any legal force to the obligation now in contro-

versy. To hold otherwise would be to say that the township committee, without any authority derived from the inhabitants, could issue these instruments under the seal of the corporation. According to the argument addressed to us in behalf of the plaintiff, if such committeemen put forth one of these writings in the corporate name, with a recital that it was sanctioned by the requisite vote at a meeting legally called, the township is conclusively bound. I think such a doctrine has no sanction in law. When applied to the transactions of public corporations, it would open the door to innumerable frauds, peculations, and abuses of all kinds. The true rule is, that a corporate body can act only to the extent and in the mode prescribed in the statute conferring the authority. And this rule should be applied with the utmost stringency, to every grant of corporate functions for political purposes. This, as a general rule, has been long established. It was forty years ago enforced in the case of *Leggett et al.* v. *New Jersey Manufacturing and Banking Company*, Saxt. 541, in which it was decided that a mortgage signed by the president and cashier, with the corporate seal affixed by them, without the authority or concurrence of the board of directors, is not a valid instrument. All the text-books furnish long lines of authorities to the same effect. *Angell & Ames on Corp.* 229. In the case in hand, if the bond in question has been issued without the sanction of two-thirds of the inhabitants of this township present at a meeting legally assembled, I have no doubt that it is not the deed of the defendants. Such a defence does not admit, in any sense, the legal entity of the deed, and the defendants can no more be debarred from pleading such defence, on the ground of estoppel, than they could be precluded from the ordinary plea of *non est factum*. Circumstances showing that the instrument sued on is not the act of the defendants, destroy it for all purposes. The admissions in an instrument which the defendants offer to show is not, in law, their deed, cannot in any respect prejudice their right.

These three pleas contain a legal answer to this action.

The next plea demurred to is the fifth.    The substance of this is, that before and at the time of the making of the said supposed writing obligatory as aforesaid, the said plaintiff had been lawfully drafted into the army of the United States of America, according to the constitution and laws of the United States, and the proclamation of the President of the United States, made in pursuance of said laws, and that the said supposed writing obligatory was made as aforesaid, upon the unauthorized and illegal consideration that the said plaintiff would submit himself to the obligations imposed on him, as such drafted man, by the constitution and laws of the United States of America.

I have failed to see anything illegal in this consideration. The legal sufficiency of this consideration cannot be examined, inasmuch as this is a sealed instrument, and it would seem that a promise to pay a person a certain sum of money in consideration of his doing his legal and constitutional duty, is devoid of all taint of illegality.

This plea is bad in substance.

The tenth plea also seems to me insufficient.    It alleges that the writing obligatory was made by three of the township committee, "without consultation" with the two others, and without their presence, knowledge, or consent.    But these circumstances may be true, and yet the deed have been legally sanctioned by the township committee as a body.    Thus, if the committee had been legally summoned, and two of the committeemen had absented themselves, and the three who attended had directed the bond to issue and the seal to be affixed, such act would have been clearly legal, and yet all the circumstances stated in the plea would have existed—that is, the bond would have been issued without consultation with the two absentees, and without their "presence, knowledge, or consent."    The facts stated are not sufficent to raise the question probably intended by the pleader.

Nor do I think the eleventh plea, which is the last one demurred to, can be sustained.    It avers, in general terms, that the said supposed writing obligatory " was obtained from the

said defendants by the said plaintiff by fraud, covin, and mis-representation." The defect in this plea is, that it does not necessarily disclose a defence. It may apply to fraud with respect to the consideration of the deed, in which case it can-not be set up at law, or in the execution. The facts averred leave it in doubt whether the defence is valid or not, and is therefore deficient in substance.

As some of the pleas contained in the demurrer are good, the defendants are entitled to judgment.

Judgment for defendants.

Justices SCUDDER and VAN SYCKEL concurred.